**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VICTOR ACURIO SUAREZ,<br><br>Petitioner,<br><br>vs.<br><br>MARKWAYNE MULLIN, U.S. SECRETARY HOMELAND SECURITY; TODD BLANCHE, ACTING US ATTORNEY GENERAL; JOHN RIFE, FIELD OFFICE DIRECTOR, PHILADELPHIA ICE; AND WARDEN LEONARDO ODDO, WARDEN MOSHANNON VALLEY PROCESSING CENTER;<br><br>Respondents, | ) | 3:26-CV-01308-MJH |

**ORDER**

Before this Court is Petitioner's Motion to Enforce the Court's July 15, 2026 Order granting Petitioner a bond hearing before an immigration judge. Petitioner argues that the immigration judge failed to adhere to this Court's July 15, 2026 Order, because the immigration judge did not take into account record evidence that Petitioner's aunt agreed to sponsor Petitioner if he was awarded bond. (ECF No. 10, at 4). Petitioner also argues that the immigration judge relied on a material misunderstanding of Petitioner's removal status in making her bond determination. (*Id.* at 5).

After review of the audio recording from Petitioner's bond hearing, held on July 20, 2026, the Court finds that the hearing was fundamentally fair. The requirements of a fundamentally fair hearing are that Petitioner: "(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make

arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) (quoting *Kamara v. Att'y Gen. of U.S.*, 420 F.3d 202, 211 (3d Cir. 2005)).

At the July 20, 2026 bond hearing, Petitioner's counsel represented to the immigration judge that Petitioner's brother, who also has unlawful status, was willing to serve as third party custodian for Petitioner. Petitioner's counsel did not communicate to the immigration judge that Petitioner's aunt was willing and able to serve as third party custodian for Petitioner. Further, Petitioner's criticisms of the bond hearing are related to the discretionary bond decision made by the immigration judge. Review of discretionary bond determinations made by immigration judges are not within this Court's jurisdiction and is properly adjudicated by the BIA upon appeal. This Court is concerned only with the constitutionality of the bond hearing governed by the requirements mentioned in this order. Accordingly, the requirements for a fundamentally fair bond hearing were met and this Court cannot otherwise discern any other flaws that rise to the level of a constitutional violation.

As such, Petitioner's Motion to Enforce Habeas Order, (ECF No. 10), is DENIED.

DATED: August 18, 2026

BY THE COURT:

Marilyn J. Horan
United States District Judge